Argued December 15, 1977, reversed and remanded March 1, 1978

MUELLER, *Appellant,*

*v.*

STATE ACCIDENT INSURANCE FUND,

*Respondent.*

(No. A77 04 04756, CA 9133)

575 P2d 673

William B. Reisbick, Milwaukie, argued the cause and filed the brief for appellant.

Clayton Hess, Associate Counsel, State Accident Insurance Fund, Legal Division, Salem, argued the cause for respondent. With him on the brief were Keith R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Legal Division, Salem.

Before Schwab, Chief Judge, and Thornton and Joseph, Judges.

THORNTON, J.

**THORNTON, J.**

This workers' compensation case presents two issues: (1) whether the claim was timely filed; and (2) whether claimant's pulmonary emphysema was caused or aggravated by his employment.

Claimant, age 57, worked for employer from 1953 to 1972 as a trailer repairman. This job included welding, painting and repairing bodies of diesel truck trailers. The testimony of claimant and his foreman indicated that working conditions were extremely noxious. The work was done in enclosed areas with no ventilation. Frequently three or four workers would be welding inside a trailer filling it with fumes. Despite the fact that the air was filled with dust, paint spray, smoke, fiberglass and asbestos, no respirators or masks were issued by the employer to the workers. It was common for employes to cough or spit up paint or dirt, or blow it out their noses.

In 1967 claimant began having problems breathing, which progressed to the point that he began to miss work his last year with employer. In March 1972 he was examined by Dr. Smith, a general practitioner, and advised to quit work, which he did in April 1972.

Claimant filed his claim on April 28, 1975. On the question of timeliness, *Holden v. Willamette Industries,* 28 Or App 613, 560 P2d 298 (1977), resolves the issue in claimant's favor. Whether claimant's physical condition is causally related to his employment is a close question, which requires expert medical opinion to answer. *Iverson v. SAIF,* 28 Or App 789, 791, 561 P2d 651 (1977).

Claimant's treating physician, Dr. Smith, testified that claimant was suffering from chronic obstructive pulmonary disease, which Dr. Smith classified as emphysema. Dr. Smith concluded that claimant's work

was a material contributing factor to the cause of his disease.[1]

Dr. Parcher, who testified for the State Accident Insurance Fund (SAIF), stated that claimant's condition was not occupationally related, although he conceded that several of the substances to which claimant was exposed could cause chronic obstructive pulmonary disease or emphysema. Dr. Parcher did not examine claimant; so he was unable to disagree with Dr. Smith's diagnosis, and he was unable to specify a cause of claimant's condition, although he listed some possibilities, such as bacterial infection or cigarette smoking. Neither doctor's opinion appeared to have a discernible scientific basis.

The referee questioned the sincerity and expertise of both doctors and concluded that choosing between the medical opinions was akin to flipping a coin. The referee concluded, however, that while claimant's disease was not caused by his work, apparently believing it to be caused by smoking, claimant's work had aggravated his condition.[2] The Workers' Compensation Board decided that the evidence showed only that claimant's work temporarily increased his symptomatology and had not caused or aggravated his condition. The circuit court agreed with the referee.

■ Taking all of the evidence into consideration, we conclude that claimant has met his burden of persuasion in establishing that his disease is occupationally related. We are not unmindful of the fact that we are confronted with two medical opinions that reach different conclusions. Neither doctor impressed us with his expertise, and both appeared prone to some exaggeration. The proof established that claimant was exposed to a severely polluted atmosphere over a long

[1] There was a note in an April 1972 medical chart from The Permanente Clinic that claimant had been suffering from pulmonary emphysema for 10 to 15 years and had quit smoking about 1961.

[2] The referee, as did the circuit court, denied the claim on the ground that it was not timely filed.

period of time. In appropriate cases, such as this, inconclusive medical evidence is not fatal to the claimant's case. *See, Volk v. Birdseye Division,* 16 Or App 349, 518 P2d 672, *rev den* (1974). The decision of the circuit court is reversed and the case is remanded for a determination of the extent of claimant's disability.

It is necessary to make one final point with respect to the briefing in this case. The claimant's brief fails to provide an adequate statement of the case as required by Rule 7.17, Rules of Procedure of this court. No separate headings are used for the various elements of a statement of the case, and the requirement of a summary of argument, Rule 7.17(d), and a statement of the relief sought, Rule 7.17(a), are not met. Further, the claimant's statement of the case contains factual assertions without transcript citations.

SAIF's brief fails to comply with the requirements of Rules 7.17 and 7.30. As respondent, SAIF elected its option of rejecting claimant's statement of the case, but did not set forth an alternative statement of the case as it is required to do by Rule 7.30. Instead, SAIF's statement of the case is confined to argument which is not repeated elsewhere in its brief. In addition, SAIF's "conclusion" is a continuation of its argument, complete with case citations. A conclusion in a brief is more properly limited to a simple request for the relief sought. Further, SAIF's conclusion contains some language which is so argumentative that it comes close to crossing the bounds of propriety.

Reversed and remanded.