Argued July 19, reversed October 2, reconsideration denied November 7, 1978, petition for review allowed February 13, 1979

HUTCHESON, *Respondent,*
*v.*
WEYERHAEUSER COMPANY, *Petitioner.*
(WCB No. 76-6467, CA 10190)
584 P2d 371

Ridgway K. Foley, Jr., Portland, argued the cause for petitioner. With him on the brief were Ancer L. Haggerty, Roger A. Luedtke, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Robert K. Udziela, Portland, argued the cause for respondent. On the brief were Jan Thomas Baisch, and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Before Johnson, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

This is a workers' compensation claim for occupational disease in which the referee denied the claim and the Workers' Compensation Board reversed the referee. We agree with the referee that claimant's condition is not compensable.

Claimant is a 48-year-old male who had been employed by Weyerhaeuser for approximately 10 years. Claimant suffers from chronic obstructive pulmonary disease. He was hospitalized in 1967 for recurrent sinusitis and in 1970 for pneumonia, both of which were diagnosed as nonoccupational by his treating physicians. The question is whether his present condition is work-related.

The medical evidence is extensive in that four doctors evaluated claimant over a period of approximately five months.

The referee's detailed opinion and order sets out portions of the doctors' opinions and adds the following:

> "To summarize the physicians' findings, the following is noted: All of the physicians indicate that a long history of heavy cigarette smoking is definitely involved as a factor in the COPD [chronic obstructive pulmonary disease]. With respect to the environmental conditions, Dr. Oelke makes the strongest statement, when he states 'Dust and work environment has definitely been contributing factor' * * *. Drs. Quinn and Berryman talk of a 'probable' relationship based on claimant's history. Dr. Tuhy indicates that the environmental conditions caused only an exacerbation on the pre-existing sinusitis conditions, a temporary flareup. * * *"

The referee based his decision to deny compensation on the following:

> "The statute defines occupational disease as a disease or infection, which not only arises out of and in the scope of the employment, but to which an employee 'is not ordinarily subjected or exposed other than during a period of regular actual employment therein' [ORS

656.802 (1)(a)]. The primary cause of the claimant's lung condition, on the basis of all of the physicians' opinion, would appear to be his long history of cigarette smoking. There is no medical opinion which states with certainty that the claimant's condition arose out of and in the scope of his employment, and from conditions to which he was exposed only at the employment. Rather, careful reading of all of the medical reports indicates that the mill conditions tended to cause only temporary exacerbations of the pre-existing COPD, sinusitis and bronchitis."

We have recently dealt with this issue in *Weller v. Union Carbide,* 35 Or App 355, 582 P2d 8 (1978), and *Stupfel v. Edward Hines Lumber Co.,* 35 Or App 457, 581 P2d 961 (1978). In *Weller,* 35 Or App at 359, we said the statute "requires that the disease be caused or materially and permanently worsened by employment activity." Claimant has failed to meet this requirement.

Reversed.