Argued and submitted April 3, reversed and remanded November 6, 1979

HUTCHESON,
*Petitioner,*
*v.*
WEYERHAEUSER COMPANY,
*Respondent.*
(WCB No. 76-6467, CA 10190, SC 25880)
602 P2d 268

Raymond Conboy, Portland, argued the cause for petitioner. On the brief were Jan Thomas Baisch and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Ridgway K. Foley, Jr., Portland, argued the cause and filed the brief for respondent. With him on the brief were Ancer L. Haggerty, Roger A. Luedtke and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before Denecke, Chief Justice, Holman, Howell, Lent, and Linde, Justices.

LENT, J.

**LENT, J.**

This is a contested claim for workers' compensation benefits for an alleged occupational disease. ORS 656.802 to 656.824. As used in those statutes "occupational disease" means:

> "Any disease or infection which arises out of and in the scope of the employment, and to which an employee is not ordinarily subjected or exposed other than during a period of regular employment therein." ORS 656.802(1)(a).

The claim was filed on October 25, 1976, alleging occupational respiratory disease resulting from breathing dust and smoke at work. The claim was denied eight days later. Upon claimant's requested hearing held in January, 1977, and closed in April, 1977, the referee found in June, 1977, that the claim was not compensable. The Workers' Compensation Board in January, 1978, upon claimant's requested review, reversed the referee and held the claim to be compensable.[1] Upon judicial review, ORS 656.298, the Court of Appeals reversed the Board, 36 Or App 497, 584 P2d 371 (1978), and we allowed review, ORS 2.520, 285 Or 195 (1979).

This court decided in *Sahnow v. Fireman's Fund Ins. Co.*, 260 Or 564, 491 P2d 997 (1971) that it would not review workers' compensation cases de novo under its review function derived from ORS 2.520. We have since considered ourselves bound by the facts as found by the Court of Appeals, at least insofar as resolution of conflicts in the evidence are concerned.

In this case the Court of Appeals' findings of fact are meager:

---

[1] Claimant sought penalties and attorney fees, ORS 656.382 and 656.386, for an alleged unreasonable refusal to pay compensation. The referee found the claim moot because of his finding that the claim was not compensable. The Board held against the claimant on the merits of the claim for fees and penalties, finding the employer's denial of the claim was not unreasonable, although erroneous. The Court of Appeals did not reach the issue. We believe reasonable minds could differ on the issue and, therefore, leave undisturbed the Board's finding. *Compare, Sahnow v. Fireman's Fund Ins. Co.*, 260 Or 564, 491 P2d 997 (1971).

"Claimant is a 48-year-old male who had been employed by Weyerhaeuser for approximately 10 years. Claimant suffers from chronic obstructive pulmonary disease. He was hospitalized in 1967 for recurrent sinusitis and in 1970 for pneumonia, both of which were diagnosed as nonoccupational by his treating physicians. The question is whether his present condition is work-related." 36 Or App at 499, 584 P2d at 371.

The decision then quotes with apparent approval from the referee's opinion and order, but the matter quoted is not findings of fact but a summary of some of the evidence.[2] The decision continues with what the Court of Appeals views as the basis of the referee's decision. Therein the referee notes the requirements of ORS 656.802(1)(a), *supra,* and continues:

"The primary cause of the claimant's lung condition, on the basis of all of the physicians' opinion, would appear to be his long history of cigarette smoking. There is no medical opinion which states with certainty that the claimant's condition arose out of and in the scope of his employment, and from conditions to which he was exposed only at the employment. Rather, careful reading of all of the medical reports indicates that the mill conditions tended to cause only temporary exacerbations of the pre-existing COPD, sinusitis and bronchitis."

as quoted, 36 Or App at 500, 584 P2d at 372. The Court of Appeals, citing its decisions in *Weller v. Union Carbide,* 35 Or App 355, 582 P2d 8 (1978), and *Stupfel v. Edward Hines Lumber Co.,* 35 Or App 457, 581 P2d 961 (1978), reversed the Board for failure of the claimant to meet the requirements of those decisions. In so doing that court relied upon a sentence from its decision in *Weller* (35 Or App at 359, 582 P2d at 10):

"To have a compensable occupational disease, claimant must establish that his work * * * originally caused or materially and permanently worsened his * * * condition."

---

[2] Neither the Board nor this court found the referee's summary to be particularly accurate.

[54]

The Court of Appeals' reliance upon the necessity of a permanent worsening of the disease is error. *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979). Moreover it is error which requires reversal in the circumstances of this case.

Before turning to the problem of suitable disposition of the case, however, we shall address the Court of Appeals' reliance upon certain concepts in the portion of the referee's opinion above set forth. That opinion contains basic legal errors.

The referee noted that there was no medical opinion which states with "certainty" the fact for which claimant contended. We know of no rule of law which demands "certainty" as the degree of proof required in a claim under the Workers' Compensation Law. We are unable to find anything in the statutory scheme which requires any quantum of proof greater than a preponderance of the evidence. Even before *Cook v. Michael,* 214 Or 513, 330 P2d 1026 (1958), when trial courts were wont to instruct juries that the party having the burden of proof was required to prove his case by the preponderance of "satisfactory" evidence, "certainty" was not required.[3] In *Cook* this court made it clear that in the absence of a statute or rule of law requiring proof by a higher degree, the burden of proof will be satisfied according to the preponderance of the evidence, *i.e.,* by establishing that the fact asserted is more probably true than not.

We find no reason which compels us to adopt a different rule for workers' compensation cases. We

---

[3] Trial courts customarily instructed juries that the party having the affirmative of an issue had to prove the claim by a preponderance of satisfactory evidence. The court would then define "satisfactory evidence" as that evidence which ordinarily produces "moral certainty or conviction" in an unprejudiced mind. (ORS 41.110.) The court would go on to temper that definition by stating, in effect, that the law does not require "demonstration" or "absolute certainty" and that "moral certainty" only was required. (ORS 41.250)

That kind of instruction was condemned as requiring too high a degree of proof in civil cases in *Cook v. Michael,* 214 Or 513, 330 P2d 1026 (1958), yet it fell short of requiring a party to prove his case with "certainty."

hold, therefore, that in workers' compensation cases, whether at the administrative or the judicial level, the party having the affirmative of any given issue must prove it by a preponderance of the evidence unless the legislature fixes some different quantum of proof. *Compare,* ORS 17.250(5) and *Cook v. Michael, supra.* We further hold, therefore, that the referee erred in fixing the degree of proof at "certainty" and that the Court of Appeals erred if it intended by quoting him to approve his statement.

The referee noted that "no medical opinion" asserted that the claimant's condition "arose out of and in the scope of his employment."[4] If by this the referee thought that he was prevented from finding this fact absent a medical opinion using the statutory term, he erred, and the Court of Appeals erred if it meant by quoting him to approve such a concept. Whether the claimant's condition "arises out of and in the scope of the employment" is a question under applicable law for the trier of fact upon all the evidence, and no particular words in this respect by a medical expert are a sine qua non.

As to the final part of the referee's opinion and order quoted and apparently adopted by the Court of Appeals, our holding today in *Weller, supra,* is dispositive. If the "mill conditions" caused temporary exacerbation of his preexisting chronic obstructive pulmonary disease, sinusitis and bronchitis so as to require medical services that would not have otherwise been necessary or if that exacerbation resulted in even temporary disability, this claim is compensable.

The findings of the referee and of the Court of Appeals are also sufficient regarding the issue of causation. Here we have a case of preexisting lung disease at least temporarily exacerbated to the extent necessary to compensability. In *Kehoe v. Ind. Accident Com.,* 214 Or 629, 332 P2d 91 (1958), we dealt with a like situation (214 Or at 637):

---

[4] *See* ORS 656.802(1)(a) quoted at the outset of the opinion.

"The medical testimony discloses the plaintiff had a heart condition which could be and was conducive to a myocardial infarction if he over-exerted himself. One of the doctors testified that it was probable that the stress and strain exerted by the plaintiff and the jolting he received in turning the steering wheel produced the onset of the heart condition.

"The defendant's contention is that the jury was left to speculate as to whether the exertion of the defendant or the jolting action caused the heart attack, and, since one cause was as probable as the other in producing the result, the jury could only speculate as to which was the cause.

"Under the purposes to be accomplished in social welfare by the enactment of the Workmen's Compensation Acts, we are of the opinion that the law does not weigh the relative importance of the several causes that bring about the injury—it is sufficient if the accident occurring through employment is a contributing cause of the result. 1 Larson's Workmen's Compensation Law 50, Categories of Risk § 7.40."

*Cf., Haugen v. Beautique A Go-Go,* 18 Or App 132, 139-140, 524 P2d 553 (1974), and cases there cited.

Because of error in law we must reverse the decision of the Court of Appeals. It remains to consider what is to be done with the case. The findings of the Court of Appeals and the findings of the referee[5] as impliedly adopted by the Court of Appeals are sufficient to establish the compensability of this claim. There is nothing left, therefore, to be done by that court, and the decision of the Board should be affirmed.

---

[5] Although we place no weight upon the Board's findings, it is interesting to note that the facts it found are consistent with the referees' findings, and that the Board's findings establish compensability under the test we have adopted. The Board found that the "dusty environment in which claimant works contributed to his chronic obstructive pulmonary disease," found "nothing in the medical evidence which would indicate that claimant's condition was not either caused by or exacerbated by his occupation at the plywood mill" and found that claimant will be unable to return to work which will expose him to a "dusty, smoky or steamy environment."

The decision of the Court of Appeals is reversed, and the case is remanded to the Workers' Compensation Board for further proceedings consistent herewith.