Argued and submitted February 22, affirmed May 27, 1980

In the Matter of the Compensation of
HATFIELD,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(WCB No. 78-9439, CA 15467)
611 P2d 345

Dennis W. Skarstad, Portland, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

SCHWAB, C. J.

Thornton, J., dissenting opinion.

## SCHWAB, C. J.

Claimant appeals from the Workers' Compensation Board's denial of his claim. The issue is whether claimant proved that his back strain arose out of and in the course of his employment.[1] We conclude that he did not and thus affirm.

Claimant was not able to identify the precise source of his back problems. On August 14, 1978 he jarred his back and neck at work when he backed a truck into something projecting above an unfinished road surface. He was free of back symptoms for about the next two weeks.

During the balance of August and early September claimant, a cement mason, was constructing curbs. This required that he bend over a substantial percentage of the time and do some heavy lifting. He began to experience pain in his back and neck that worsened as the job progressed. Claimant sought medical attention in mid-September.

Claimant does not contend that the August 14 incident caused his back problems. Rather, he argues that the constant bending and lifting while working on curbs over the following month caused his back strain.

None of the medical evidence supports claimant's theory. A five-sentence letter from Dr. Johnson just reports that claimant was examined three times; it does not state a diagnosis or express an opinion on the cause of claimant's back problem. A letter from Dr. Struckman states:

"* * * [Claimant] is certain that this pain is [job-related] because everybody else on the job has a sore back. I am not so sure it is job-related. * * *

---

[1] Claimant correctly points out that some *language* in the referee's decision, which was adopted by the Board, is inconsistent with *Hutcheson v. Weyerhaeuser,* 288 Or 51, 602 P2d 268 (1979). We are, however, reviewing de novo the *result* reached below, not the reasoning used.

"* * * * *

"* * * without a specific history of injury, I think it would be difficult to establish a definite etiologic cause for his pain. * * *"

Dr. Raaf reported:

"Neurological examination fails to reveal any objective evidence of injury to the central or peripheral nervous system. I think he sustained a mild cervical, dorsal, and lumbar strain. * * *"

Dr. Raaf did not express any opinion on the cause of claimant's back strain.

Some cases have suggested or held that medical evidence is essential to establish that a given disability was caused by a claimant's employment.[2] Other cases have suggested or held that such medical evidence is not necessarily essential.[3] There are two ways to interpret these cases. First, they might establish firm rules of law. Second, they may merely explain the reasoning of courts, on de novo review, as to what was found persuasive or unpersuasive in the individual case.

The second possibility is sufficient to dispose of this case. Given the absence of a specific injury, Dr. Stuckman's blunt skepticism, Dr. Johnson's silence, and Dr. Raaf's silence, we are not persuaded that claimant's ordinary work activities in August and September of 1978 caused his back strain.

Affirmed.

**THORNTON, J.,** dissenting.

My reading of this record convinces me that this claimant sustained a compensable injury to his back,

---

[2] *Orr v. Industrial Acc. Com.,* 217 Or 249, 342 P2d 136 (1959); *Landauer v. State Inc. Acc. Com.,* 175 Or 418, 154 P2d 189 (1944); *Hart v. SAIF,* 31 Or App 181, 570 P2d 92 (1977); *Foley v. SAIF,* 29 Or App 151, 562 P2d 593 (1977).

[3] *Uris v. Compensation Department,* 247 Or 420, 427 P2d 753, 430 P2d 861 (1967); *Mueller v. SAIF,* 33 Or App 31, 575 P2d 673 (1978); *Volk v. Birdseye Division,* 16 Or App 349, 518 P2d 672, *rev den* (1974).

that the record supports his claim, and that the case should be reversed.

At the conclusion of the hearing before the referee in this case, the referee ruled as follows:

"Since claimant did not develop cervical pain for two or three weeks after the incident of August 14, 1978, temporal or legal causal relationship between the incident and the development of neck pain is impossible to find. I haven't any doubt claimant testified truthfully, nor have I any doubt working in a stooped position and stripping heavy forms could cause low back symptoms. This is particularly true when the worker is tall and slender. *I therefore find claimant has established a legal causal relationship between the gradual onset of symptoms prior to September 13, 1978, and the work activity in which he was engaged.*

"In every denied claim the worker has the burden of proving both legal and medical causal relationship. None of the physicians have stated clearly and concisely that claimant's symptoms were related to his employment. Although Dr. Johnson wrote about an on-the-job injury, his office notes state: 'No trauma.' Dr. Struckman initially stated: 'I am not so sure it is job-related.,' and he never became more categorical. Dr. Raaf merely expressed a diagnosis without delineating a cause. I therefore find claimant has failed to carry his burden of proof." (Emphasis supplied.)

On appeal, claimant insists that he sustained a compensable injury and that both the referee and the Board erred in rejecting his claim on the ground that his physicians failed to "state clearly and concisely that claimant's back strain was related to his employment."

I agree with claimant. A similar point was involved in *Hutcheson v. Weyerhaeuser,* 288 Or 51, 602 P2d 268 (1979), where the referee had rejected the claim because there was no medical opinion which stated with "certainty" the fact of causation for which claimant had contended.

[283]

The court observed:

"The referee noted that *'no medical opinion'* asserted that the claimant's condition *'arose out of and in the scope of his employment.'* If by this the referee thought that he was prevented from finding this fact absent a medical opinion using the statutory term, he erred, and the Court of Appeals erred if it meant by quoting him to approve such a concept. Whether the claimant's condition 'arises out of and in the scope of the employment' is a question under applicable law for the trier of fact upon all the evidence, and *no particular words in in this respect by a medical expert are a sine qua non.*" (Emphasis supplied.) 288 Or at 56.

Here claimant's treating physician, as well as all of the physicians who examined claimant, agreed that claimant had sustained a back strain. The referee found claimant truthful. The claimant's evidence established and the referee expressly found that he had suffered a gradually acquired back strain. Claimant was not required to establish a specific traumatic injury in order to establish compensability. *Uris v. Compensation Department,* 247 Or 420, 427 P2d 753, 430 P2d 861 (1967). In *Uris,* our Supreme Court pointed out that medical testimony was not essential to establish causation where there was medical evidence that claimant had a lumbosacral strain, and the claimant testified regarding the onset of back pain and his impaired ability to perform physical labor. The court said:

"* * * * [W]here injuries complained of are of such character as to require skilled and professional persons to determine the cause and extent thereof, the question is one of science and must necessarily be determined by testimony of skilled, professional persons * * *.' *Spivey v. Atteberry,* 205 Okla 493, 494, 238 P2d 814, 27 ALR2d 1259." 247 Or at 424.

The court then went on to hold that this rule requiring expert medical testimony did not apply under the above facts, saying that the claimant was a competent witness in his own behalf, and that his own account of the accident was sufficient to take the issue to the trier

of fact. The court described the course of the injury in these terms:

"* * * From that time forward he felt the effect of the injury and ultimately, when the pain became worse, he consulted a doctor, who diagnosed the condition as chronic lumbosacral (low back) strain. There is nothing very complicated about such an injury and its cause. * * *" 247 Or at 427.

In the case at bar, on September 13, 1978, claimant consulted Dr. Johnson about his back pains. Two days later he filed a claim. On September 25, 1978, he was referred to Dr. Stuckman. On November 21, 1978, he was referred to Dr. Raaf. The following day the claim was denied.

The stumbling block for claimant's claim was the erroneous assumption on the part of the doctors, as well as the referee and the Board, that a doctor had to give his *medical opinion* that claimant's back strain occurred on the job in the manner described by claimant. As the Supreme Court pointed out in *Hutcheson,* this is not a *sine qua non* where the injuries complained of are not of such character as to require skilled and professional persons to determine the cause and extent thereof.

I agree with the referee that there is insufficient evidentiary basis for relating the initial injury to claimant's neck on August 14 to his present back condition. The absence of cervical symptoms for three weeks justifies disregarding this as a logical cause of claimant's back condition. However, the undisputed evidence demonstrates, and the referee found, that the subsequent work activities by claimant gradually resulted in claimant's becoming disabled. The employer offered no evidence, nor is there any in the record, that claimant's condition is a result of any off-the-job activity. I would reverse and remand with instructions to determine the extent of claimant's disability.