Argued and submitted July 21, reversed September 22, 1980

In the Matter of the Compensation of

DENNY,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(WCB 79-396, CA 16837)

617 P2d 271

Samuel J. Imperati, Portland, argued the cause for petitioner. With him on the brief was Welch, Bruun and Green, Portland.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

■     The issue in this workers' compensation case is whether claimant has proved by a preponderance of the evidence that his pulmonary function impairment is the result of his work environment. *Simons v. SWF Plywood Co.,* 26 Or App 137, 552 P2d 268 (1976); *Hutcheson v. Weyerhaeuser,* 288 Or 51, 602 P2d 268 (1979). The referee found the evidence to be sufficient; the Board reversed with one member dissenting. We reverse.

Claimant, a 29-year-old collator operator, worked making paper bags out of paper tubes for approximately 3-1/2 years prior to filing a workers' compensation claim for an occupational disease, diagnosed as recurrent episodes of an acute asthmatic bronchitis, which he believes resulted from breathing "a form of paper dust."

The evidence supporting the claim is as follows: Claimant testified that his breathing problems began some five to six months prior to filing the claim. Prior to that, for a period of up to two years, he had been developing nasal congestion and rhinorrhea. Most of his symptoms occurred at work and cleared up when he was away from work. The first examining doctor found that claimant's "asthmatic condition [was] work related." The doctor who examined claimant at the request of the treating physician stated "* * * his work was a provocative or causative factor of this obstructive airways disease," and claimant's treating physician stated claimant has "definite pulmonary function changes related to work environment. * * *"

The Board compared the opinion of the treating physician, Dr. Goldberg, with the opinion of Dr. Romanaggi, the doctor selected by the Fund to examine claimant. The Board found Dr. Romanaggi's opinion more persuasive. That opinion stated that claimant's problem "could be secondary to his past history of smoking, his exposure to dust over a four year period, or due to recurrent infectious processes." The evidence, however, refutes two of the alternate

theories of Dr. Romanaggi. Claimant testified he had not smoked for seven years and the medical reports indicate that the only respiratory problem claimant had ever experienced before was pneumonia when he was in high school.

■     The Board also placed great weight on the fact that Dr. Romanaggi suggested to claimant that he undergo a provocative test to better determine if the dust at work caused his respiratory impairment, and that claimant did not have the test performed. We fail to see why this should weigh against claimant. He testified that he inquired about the test at the Kaiser-Permanente Health Care Facilities where he was being treated, and was told they had no facilities for such a controlled test. Further, the recommendation was made by the doctor selected by the Fund, yet the Fund did nothing to arrange for the test. We therefore disagree with the Board's conclusion that, "* * * since he has not [had the test] it is difficult to say what the cause of his respiratory problems are."

■     Two of the doctors who examined the claimant stated unequivocally that his condition was work-related; a third doctor found the work environment to be either a causative or provocative factor. We agree with the dissenting Board member's statement that:

"* * * * *

"The claimant has established a prima facie case for both legal and medical causation and the evidence preponderates heavily in favor of compensability. If other tests were available to counter this proof, the Fund had the burden of producing such evidence. It has failed to do so."

Reversed.