Argued and submitted November 29, 1982, affirmed in part, reversed in part, referee's award reinstated in part February 16, 1983

In the Matter of the Compensation
of Vernon W. Hughes, Claimant.

HUGHES,
*Petitioner,*

*v.*

PACIFIC NORTHWEST BELL,
*Respondent.*

(79-09361; CA A24650)

658 P2d 548

Robert K. Udziela, Portland, argued the cause for petitioner. On the brief were Jeffrey S. Mutnick and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Bruce K. Posey, Portland, argued the cause for respondent. With him on the brief was Pacific Northwest Bell, Legal Department, Portland.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Claimant appeals a Workers' Compensation Board order reversing the referee's permanent partial disability awards for binaural hearing loss and tinnitus. The Board reinstated the determination order that awarded claimant 2.5 percent permanent partial disability for loss of hearing in the *left* ear only. We review *de novo* to determine whether claimant's *right* ear hearing impairment is work-related and whether his tinnitus condition is compensable.

Claimant was 54 years old at the time of the hearing and had been working for Pacific Northwest Bell (Bell) since January, 1948. He has been working as a cable splicer for Bell since 1957. Audiograms conducted in 1959, 1960 and 1961 showed essentially normal hearing acuity in both ears. During a period of approximately three months in 1970, while rerouting cables, claimant wore a defective headset that issued sound approximately 32 to 64 times greater than generally considered the safe maximum for prolonged exposure under industrial conditions. Whether he wore the headset on both ears or only on his left ear is an issue.

In September, 1970, after his use of the headset ended, he consulted Dr. Camp, who performed an audiogram that showed mild to moderate nerve deafness with an 84 percent discrimination score for speech in the left ear and nerve deafness in the right ear at the 2,000 cycle range and beyond of about 40 decibles. When he was again seen by Dr. Camp in March, 1974, the test results were essentially unchanged. On June 25, 1978, claimant filed an 801 injury report describing his injury as follows:

"Toneing [sic] Cable prs. with 20 K. C. inaudible Tone for 8 to 10 hrs. a day for Period of Two months, left me with loss of hearing and continued ringing left ear."

He saw Dr. Camp again in December, 1978. The audiograms showed that claimant had a 25.25 percent hearing loss in the left ear and a 15.24 percent hearing loss in the right ear, or a combined binaural hearing loss of 16.5 percent. The doctor's report said:

"In the months of April, May and part of June of 1970 [claimant] was assigned to a telephone repair job which

involved the use of a '20-KC' headset device, *worn in the left ear* and about 90. of the time while working between 8 and 10 hours a day * * *. (Emphasis supplied.)

"* * * * *

"My diagnosis is mild to moderately severe, progressive nerve deafness, *both ears,* left more than right with associated mild loss of speech discrimination. Exposure to a 20-KC headset in the summer of 1970 may have aggreveted [sic] the nerve deafness and tinnitus, but does not explain the progressive to moderate to severe nerve deafness observed in the right ear. Therefore, I must conclude that [claimant] suffers from progressive nerve deafness of combined hereditary and noise induced type, affecting both ears."

In March, 1979, claimant was examined by Dr. Myers at the request of employer. His report said:

"During April, May and June of 1970 [claimant] was working in a manhole splicing underground cables. A 20 KHz headset was *worn in his left ear* to identify the pair of wires *for each circuit.* He estimates he wore the 20 KHz headset for approximately seven hours each day." (Emphasis supplied.)

He found a 20.25 percent hearing loss in the right ear and a 22.75 percent loss in the left ear and concluded:

"In my opinion the difference between the left ear which was exposed to the head set tone generator and the right ear which was not exposed to the head set tone generator would be the percentage induced by the occupational exposure."

A determination order issued on September 20, 1979, awarding claimant 1.5 degrees permanent partial disability for a 2.5 percent loss of hearing in the left ear, with no award for claimant's right ear hearing loss or tinnitus. Claimant requested a hearing.

In May, 1980, before the hearing, he was examined by Dr. Johnson, a hearing specialist at the University of Oregon Health Sciences Center, for tinnitus in his left ear. That doctor reported that claimant had a bilaterally asymmetrical high frequency hearing loss, with the left ear being poorer than the right, and with only fair speech discrimination in both ears. A tinnitus instrument was tried

on claimant's left ear and "found to very effectively mask the tinnitus."[1]

Claimant testified that he wore the defective headset the majority of the time on his left ear and that

> "[m]aybe a half a day I would have it on one ear and the other half on the other ear; maybe, one day I might wear it solely on the left, and the next day I might wear it partially on the right. I really can't give you a percentage of time."

He did not recall telling Dr. Camp that he had worn the headset 90 percent of the time in the left ear or telling Dr. Myers that he had worn the tone generator predominantly in the left ear. In a deposition, Dr. Johnson stated that claimant had reported he had worn the tone generator "mostly in the left ear and some in the right ear." He concluded that the hearing loss in both ears was primarily attributable to noise exposure.

Claimant also testified that the tinnitus in his left ear is extremely annoying, causes him to lose sleep and makes him nervous and irritable. He said:

> "Even with the hearing aid, I still have problems in a group like this. It is either picking up too much noise or background noise or whatever, but it is difficult to adjust to it."

His wife testified that he has difficulty hearing her voice and that he had previously been a "very calm person," but that the tinnitus has caused him to be nervous and upset and to complain frequently of headaches. However, claimant's supervisors testified that they had not noticed irritability or nervousness.

The referee found claimant an "absolutely credible witness" and that he had used the tone generator "predominantly on his left ear although he would alternatively use the instrument on his right ear." He also found that claimant's tinnitus condition in his left ear caused irritability, sleeplessness and fatigue. He concluded:

> "In the broad field of industrial occupations a 'cranky' 54-year-old worker with a sleeping problem is going to have fewer opportunities to obtain and hold gainful employment than one who is not so afflicted."

---

[1] Claimant obtained a hearing aid in 1978 and a masking device to help alleviate the tinnitus in 1980.

He awarded claimant 16.5 percent scheduled permanent partial disability for the hearing loss in both ears and 15 percent unscheduled permanent partial disability for the tinnitus.

In reversing the referee's order with respect to the binaural hearing loss claim, the Board stated:

> "Ordinarily, we give great deference to a Referee's credibility finding. Here, however, the Referee's credibility finding does not advance the decisional calculus. Claimant has presented different versions of what happened in 1970 on his 801 claim form, to Dr. Camp, to Dr. Myers and at the hearing. It is impossible for claimant to have been 'absolutely credible' in all four contexts. We do not imply there was any deliberate misstatement; we only note that there can obviously be memory problems when a claim is asserted long after most statutes of limitations applicable in the judicial system would have run.
>
> "Considering all the evidence, we have sufficient doubts which prevent finding that claimant sustained his burden of proving more than he claimed on the 801 form he executed, i.e., proving compensable binaural hearing after only claiming left ear hearing loss."

■■ A claimant must establish a claim by a preponderance of the evidence. *Hutcheson v. Weyerhaeuser,* 288 Or 51, 602 P2d 268 (1979). Contrary to the Board, we conclude that the evidence preponderates in claimant's favor on the issue of whether his right ear hearing loss is work-related. He testified that he wore the defective headset on both ears, and the referee found him "absolutely credible." Claimant suffered "moderate to severe" nerve deafness in the right ear, that hearing loss being slightly less than that in the left ear. There is no quantitative medical evidence to support the Board's conclusion that the claimant's right ear hearing loss is attributable to "hereditary factors and presbycusis."[2] In our view of the record, claimant's right ear hearing loss is better explained by his version of the facts — that is, that he wore the headset on both ears. We reverse the order of the Board and reinstate the referee's award of 16.5 percent scheduled permanent partial disability for binaural hearing loss.

---

[2] Presbycusis is a natural loss of hearing related to aging.

■     Claimant also argues that the Board erred in not awarding any compensation for tinnitus, which the parties agree is an *unscheduled* permanent partial disability. Whether claimant's tinnitus condition is compensable depends on whether he has suffered a loss of earning capacity as a result of it. ORS 656.214(5);[3] *Surratt v. Gunderson Bros.,* 259 Or 65, 78, 485 P2d 410 (1971); *Ryf v. Hoffman Construction Co.,* 254 Or 624, 459 P2d 991 (1969). Claimant is still employed as a splicer by employer, and his salary is currently at the top of the salary range for his job classification. For 12 years since his 1970 injury, he has successfully worked as a splicer, with no limitations on his working ability as a result of the tinnitus and no impairment of earnings. Moreover, he made no showing that his ability to obtain other employment, given his skills, intelligence, training, experience and age, was impaired by the condition. The Board properly denied compensation for the tinnitus condition.

Affirmed in part; reversed in part; referee's award for binaural hearing loss reinstated.

---

[3] ORS 656.214(5) was not in effect at the time of claimant's injury. Nevertheless, case law at the time of the injury measured unscheduled disability by the loss of earning capacity. *See Ryf v. Hoffman Construction Co., infra.*