In the Matter of the Compensation of
Gary E. Tollefson, Claimant.

## INTERNATIONAL PAPER COMPANY,
*Petitioner,*

*v.*

## TOLLEFSON,
*Respondent.*

(WCB 85-03658; CA A41258)

740 P2d 238

Paul L. Roess, Coos Bay, argued the cause for petitioner. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Jim L. Scavera, Coos Bay, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Employer seeks review of a Workers' Compensation Board order that affirmed the referee's award of compensation. The issue is whether claimant proved by a preponderance of the evidence that his right elbow condition is a compensable occupational disease. ORS 656.802(1)(a). We affirm.

Claimant worked for employer from February, 1983, to September 24, 1985. Until March, 1984, he worked as a grader trainee on the green chain. In that job he used a picaroon with his right arm to straighten lumber. He testified that, early in 1984, he began to have pain in his right elbow. The pain was usually present at the end of the shift, after work on his way home or sometimes after he got home. Although the pain continued, he did not seek treatment at that time. In March, 1984, claimant was assigned to work on an automated lumber sorter, which did not require the use of the picaroon. Most of that work was button-pushing, although he did clean up the work area at the end of his shift. His elbow continued to ache periodically. In September, 1984, he told his foreman that he was having trouble straightening lumber because of his elbow and that he intended to see a doctor.[1]

Claimant saw Dr. Crocker, who referred him to Dr. Boughal, an orthopedic surgeon. Both doctors noted that claimant could not fully extend his right arm and that attempts to do so caused severe pain. After unsuccessful attempts at conservative treatment, Boughal diagnosed a probable intra-articular loose body and recommended surgery. On December 21, 1984, surgery revealed no loose body, but it did reveal an enlarged synovial fringe which appeared to mechanically hinder the extension of the elbow. After the fringe was excised, complete extension was possible. However, within ten days after surgery the elbow could not be extended beyond 20 degrees. The pain in his arm also recurred. Claimant was referred to Dr. Butters, who made an objective finding of flexion contracture, with which Boughal agrees. The doctors have been unable to identify the cause of the contracture or pain.

---

[1] Claimant's supervisor and claimant completed a report used for the purposes of plant safety but did not complete a workers' compensation form.

■ On January 3, 1985, claimant filed a claim, which was denied. The referee awarded compensation. On August 1, 1986, the Board affirmed the referee's order. Employer moved for reconsideration. On August 19, 1986, the Board issued its order on reconsideration, withdrawing the prior order, adhering to it and republishing it. On September 3, 1986, employer filed the petition for review. Claimant contends that, because employer failed to file within 30 days of the August 1 order, we must dismiss. ORS 656.295(8). In its petition, employer seeks review of both orders and both are attached to the petition. The later order expressly withdraws the earlier one. Hence, the proper order for review is the one of August 19. The petition for judicial review was timely filed. We turn to the merits.

In order to establish that the elbow condition is compensable, claimant must prove by a preponderance of the evidence that his work was the major contributing cause of his condition. *Reining v. Georgia-Pacific Corp.*, 67 Or App 124, 128, 676 P2d 926 (1984). The referee concluded that claimant's elbow condition is compensable:

> "Given the nature of claimant's work with the picaroon, his credible testimony as to the occurence of those symptoms, and the lack of any suggested non-work culprit, I conclude that it is more likely than not that claimant's work for International Paper was the major contributing cause of his undiagnosed elbow condition."

The Board affirmed.

■ Although it is a close case, we also find claimant's elbow condition compensable. Before the surgery, Boughal could not identify the particular etiology of the elbow pain and loss of extension. His post-surgery diagnosis of the extension problem remains an enlarged synovial fringe. The cause or causes of the post-surgery flexion contracture are unknown. The pain persists, and Boughal is unable to identify its cause. Without a specific diagnosis, it is difficult to be certain that claimant's work is the major contibuting cause of his disability. However, certainty is not the degree of proof required; preponderance of the evidence is. *Hutchenson v. Weyerhaeuser*, 288 Or 51, 55-56, 602 P2d 268 (1979).

The referee found claimant credible. His testimony was that the elbow pain at first coincided with the use of the picaroon. Boughal also testified:

"[Claimant's] symptoms occurred while he was an employee of International Paper. And the type of work that he did required repetitive and forceful use of the elbow. And, indeed, those working activities, when he would engage in them, exacerbated his painful symptoms.

"* * * * *

"On the basis of [claimant's] clinical history, physical findings on examination, radiographic studies and result of surgery it is my opinion that [claimant's] disability related to his right elbow is more likely than not related to his working conditions. It is my opinion that his employment at the International Paper Company is the major contributing cause of [claimant's] disability."

There is no evidence that claimant suffered from elbow and arm problems before his work on the green chain. There is no evidence of any cause outside his employment to rebut Boughal's opinion. *See Gilbert v. SAIF,* 63 Or App 320, 325, 663 P2d 807 (1983). We conclude that claimant has proved by a preponderance of the evidence that his elbow condition is compensable.

Affirmed.