Argued and submitted June 1, affirmed September 9, reconsideration denied October 30, petition for review denied November 17, 1987 (304 Or 405)

In the Matter of the Compensation of
Richard L. McGinnis, Claimant.

## McGINNIS,
*Petitioner,*

*v.*

## TIGARD SCHOOL DISTRICT #23J et al,
*Respondents.*

(WCB No. 85-08334; CA A42132)

742 P2d 662

Randy Elmer, Salem, argued the cause for petitioner. With him on the brief was Vick & Gutzler, Salem.

Darrell E. Bewley, Assistant Attorney General, Salem,

argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant seeks review of a Workers' Compensation Board order affirming the referee's decision that his request for hearing on a determination order was untimely. We affirm.

Claimant sustained a compensable injury in August, 1983. On July 6, 1984, SAIF filed a Form 1503, "Insurer's Determination Request," with the Evaluation Division of the Workers' Compensation Department. On July 19, 1984, the Division issued a determination order granting claimant temporary total disability, temporary partial disability and permanent partial disability. On August 7, 1984, SAIF filed a second determination request form and included with it a recent medical report which had not been available at the time of the first request. On August 16, 1984, the Division issued a second determination order, which stated that the additional medical information did not introduce any material which would require a modification of the first determination order. Both the first and second determination orders contained printed language advising claimant that a request for hearing must be filed within one year from the date of mailing of an order.

Claimant filed a request for hearing on August 9, 1985, more than one year after the first determination order, but less than one year after the second order. Both the referee and the Board dismissed the request as untimely, relying on ORS 656.268(4), which provides, in part:

> "The Evaluation Division shall reconsider determinations made pursuant to this subsection whenever one of the parties makes request therefor and presents medical information regarding the claim that was not available at the time the original determination was made. However, any such request for reconsideration must be made prior to the time a request for hearing is made pursuant to ORS 656.283. The time from request for reconsideration until decision on reconsideration shall not be counted in any limitation on the time allowed for requesting a hearing pursuant to ORS 656.283."

The Board reasoned that SAIF's August determination request sought reconsideration of the July determination order and that the August order was an order on reconsideration of the July order. Applying the last sentence of ORS

656.268(4), the Board stated that the request for reconsideration extended by nine days, to July 28, 1985, the time period for filing a request for hearing from the first determination order. Because claimant's request for hearing was not filed until August 9, 1985, the Board concluded that it was untimely and affirmed the referee's dismissal.

■     Claimant first asserts that SAIF's August request was not a request for reconsideration, but merely a transmittal of materials, and that SAIF used Form 1503 only for convenience. He asserts additionally that the August determination order was not a reconsideration of the July determination order but an "original" determination order, from which a hearing on the questions of disability and time loss could be sought and from which the one-year time limit of ORS 656.268 began to run.

In its second determination request, under the section entitled "Reason for filing this form," SAIF checked the box marked "Additional information since previous request." It did not check the box marked "Reconsideration of previous determination order is requested." We conclude, however, that the Division should not be limited in its ability to reexamine a claim by the precise language that a party uses or does not use in a determination request form. The fact that SAIF did not expressly indicate that it was seeking reconsideration should not preclude the Division from reconsidering its prior award based on the additional information, if appropriate. Although the second determination order does not use the word "reconsideration," it does, in fact, reconsider the first order and conclude that no change is necessary. It does not independently address the questions of extent and time loss and makes no independent determination of benefits and no adjustment to the previous award. We conclude that the second determination order was a reconsideration of the first, pursuant to ORS 656.268(4), and that it extended by nine days, to July 28, 1985, the time for seeking a hearing on the issues decided by the first determination order.[1] Claimant's

_____

[1] This case is distinguishable from *Int'l Paper Company v. Tollefson*, 86 Or App 706, 740 P2d 238 (1987), where we held that, when the Board, as opposed to the Evaluation Division, withdraws its initial order and then adheres to and republishes it, the date of the republication is the date from which the 30-day period for seeking review runs. There is no statute comparable to ORS 656.268(4) dealing with Board reconsideration of its own order.

August 9, 1985, request for hearing was therefore untimely as to those issues. The request would have been timely, however, as to the one issue decided by the second determination order: whether the additional medical information submitted by SAIF requires a change in the award. There is no indication that claimant sought to place that issue before the referee.

■     Claimant asserts in the alternative that, by waiting until August 8, 1985, to file his hearing request on the issues decided by the first determination order, he reasonably relied on an allegedly misleading notice printed on the second determination order form, which stated that he had one year from the date of the mailing of that order within which to request a hearing. Claimant does not argue a theory of estoppel, and we need not consider whether that doctrine could apply here. Neither does he cite any statutory basis for a waiver of the filing requirement. *See, e.g.,* ORS 656.319(1)(b). However, even if claimant's theory of reasonable reliance could apply to excuse a late request, we conclude that the argument does him no good here. As our discussion of his first contention suggests, the notice printed on the second determination order was not incorrect. It properly advised claimant that he could request a hearing within one year. However, because the second determination order provided no independent basis for a review of the award made by the first order, it was not reasonable for claimant to assume that a request for hearing which was timely only as to the second order would encompass the issues decided by the first. The Board correctly held that it could not decide the questions of extent and time loss addressed in the first determination order.

Affirmed.