Argued and submitted December 21, 1987, denial of tinnitus claim reversed and referee's order reinstated; otherwise affirmed July 20, 1988

In the Matter of the Compensation of
Frank E. Norelius, Claimant.
NORELIUS,
*Petitioner,*

*v.*

CONTINENTAL CAN CO., et al,
*Respondents.*
(WCB 82-10763; CA A42417)
757 P2d 458

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief were Daniel C. Dziuba, and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Craig A. Staples, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks review of an order of the Workers' Compensation Board reversing the referee's determination that his tinnitus claim was compensable and affirming the denial of his psychological disorder. On *de novo* review, we reverse the Board's denial of compensability of the tinnitus and otherwise affirm.

Claimant worked at employer's can factory from August, 1976, to July, 1982. Employes were required to wear hearing protection devices because of the loud noises in the factory. Claimant testified that the protection devices that he wore were not specially fitted, that he could still hear noise with them on and that he did not wear additional earmuffs. In April, 1982, he was sent home, because he had been staring at his hands for several minutes and had seemed to be disoriented at work for some time.

■ Several physicians examined claimant to determine the nature of his condition and whether it was work-related. Three of the four doctors who examined him concluded that he suffered from tinnitus. The referee determined that claimant had tinnitus, and the Board agreed but concluded that he had not met his burden of proving by a preponderance of the evidence that it was caused by his exposure to noise in the workplace. We disagree. Dr. Johnson, an otolaryngologist at Oregon Health Sciences University, explained that it is not possible to identify definitely the cause of tinnitus. He indicated, however, that many of the individuals treated have a history of noise exposure which, in his view, is the most logical cause of tinnitus. He concluded:

> "[Claimant] is a young man with normal hearing and tinnitus. It is reasonable to assume that the tinnitus resulted from high levels of noise exposure over a 7 to 8 year period of time."

Employer's insurance carrier had Dr. Myers examine claimant. Myers agreed that claimant has tinnitus, but indicated that he did not believe that noise exposure at the factory had contributed to it. However, he did not offer any other causal explanation. There was no evidence of any other possible nonwork causes. The doctors and technicians at the OHSU Tinnitus Clinic, where claimant receives treatment, indicate that it is their belief that exposure to loud noise at

work is the cause of his condition. We conclude that the preponderance of the evidence establishes that claimant's condition is work-related and, therefore, compensable.

There is also conflicting medical evidence regarding claimant's psychological condition. Two of the three psychiatrists who examined him concluded that he was probably suffering from schizophrenia that was not work related. The third psychiatrist believed that he was suffering from depression that was related to the stress of his employment. The referee concluded that it was more likely that he was suffering from schizophrenia than from an emotional depressive disorder. In addition to the medical experts, the referee relied on uncontroverted lay testimony of claimant's behavior—staring at his hands, standing motionless for long periods of time and appearing "spaced out" and unaware of his physical environment—as more indicative of a thought disorder such as schizophrenia than of tinnitus-induced depression. We agree and conclude that claimant failed to meet his burden of proof that his psychological disorder is work-related.

Denial of tinnitus claim reversed and referee's order reinstated; otherwise affirmed.