Argued and submitted November 13, 1989, affirmed January 31, 1990

In the Matter of the Compensation of
James A. Ross, Claimant.

ROSS,
*Petitioner,*

*v.*

FLIGHTCRAFT, INC., et al,
*Respondents.*

(WCB 87-15924; CA A60060)

786 P2d 198

Robert Wollheim, Portland, argued the cause for petitioner. With him on the brief was Welch, Bruun and Green, Portland.

Stafford J. Hazelett, Portland, argued the cause and filed the brief for respondents.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

**GRABER, P. J.**

Claimant seeks review in this workers' compensation case. We review for substantial evidence and errors of law, ORS 656.298(6), and affirm.

The referee set aside employer's denial of compensability on claimant's occupational disease claim. On *de novo* review, the Workers' Compensation Board reversed. It concluded that claimant had failed to prove by a preponderance of the evidence, *see Hutcheson v. Weyerhaeuser,* 288 Or 51, 55-56, 602 P2d 268 (1979), that his employment was the major contributing cause of his hearing loss. *See former* ORS 656.802(1)(a); *Dethlefs v. Hyster Co.,* 295 Or 298, 310, 667 P2d 487 (1983).

Claimant first argues that the Board reversed "the referee without making a sufficient final order for this court to review." In *Johnston v. James River Corporation,* 91 Or App 721, 722, 756 P2d 696 (1988), we held that, "[w]hen the Board reverses, adequate judicial review requires specific findings in the Board's opinion substantiating its contrary conclusion." Here, the Board found that claimant had been exposed to noise off the job, as well as on the job. It noted that he had presented no expert opinion concerning the cause of his hearing loss, because his treating physician offered no opinion on that issue. The Board also found that the audiometric test results that demonstrated claimant's hearing loss did not establish a causal relationship. Although it found claimant's testimony credible, it reasoned that his testimony was "insufficient to establish the necessary causal relationship in this medically complex claim[,]" citing *Kassahn v. Publishers Paper Co.,* 76 Or App 105, 109, 708 P2d 626 (1985), *rev den* 300 Or 546 (1986). Those findings and that reasoning were adequate to substantiate a conclusion contrary to that of the referee. *See Johnston v. James River Corporation, supra,* 91 Or App at 722. The order is sufficient for judicial review. *See Johnston v. James River Corporation, supra; Armstrong v. Asten-Hill Co.,* 90 Or App 200, 207, 752 P2d 312 (1988).

Claimant's second assignment of error is that "the Board erred in holding that claimant's hearing loss was not compensable." The Board applied the correct legal standard. It made sufficient findings, all of which are supported by substantial evidence. ORS 183.482(8)(c); *Armstrong v. Asten-Hill*

*Co., supra,* 90 Or App at 206. Its reasoning from the facts to the conclusion is not unsound.

Affirmed.