Charles POEHLEIN, Employee,

v.

TRANS WORLD AIRLINES, INC., Employer/Self–Insured.

No. 65681.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 6, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 10, 1995.

Application to Transfer Denied Feb. 21, 1995.

J. Bradley Young, Ted L. Perryman, St. Louis, for appellant.

Nanci Miller Hays, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Trans World Airlines, Inc. ("employer"), appeals from a decision of the Labor and Industrial Relations Commission ("Commission") affirming the judgment of the Administrative Law Judge ("ALJ") finding respondent, Charles Poehlein ("employee"), suffering from an 18% binaural hearing loss as well as a 12 1/2% permanent partial

disability of the body as a whole for tinnitus. We affirm.

Employee was employed for over thirty years in the airline industry, first with Ozark Airlines and then with employer. During that period, he worked under constant exposure to jet aircraft noise, spending nearly 95% of his time on the tarmac. Although hearing protection was provided, employee was only able to utilize the protector in his left ear as it was necessary for him to have a communication receiver in his right ear.

In early 1991, employee noticed difficulty in hearing certain types of noises, especially those that were high pitched. About the same time, he also detected a ringing in his ears, similar to the sound of crickets chirping. This ringing is more pronounced the more tired employee is, and the more quiet the surroundings. Although the ringing does not cause employee to experience headaches, dizziness, or other physical symptoms, it does cause him some difficulty when concentrating or sleeping.

The only issue before the ALJ and the Commission was the nature and extent of permanent partial disability caused by the employment-related exposure. After receiving the testimony of employee, as well as the depositions of Dr. Bernard C. Adler for employee and Dr. Joel Goebel for employer—both specializing in otolaryngology—the ALJ assessed employee to be suffering from a binaural hearing loss of 18% permanent partial disability and a 12 1/2% permanent partial disability of the body as a whole for tinnitus. On appeal, the Commission affirmed. Employer appeals.

Employer basically raises one point of contention: it claims the Commission improperly assessed the tinnitus as a separate injury when, in actuality, it was merely a symptom of the hearing loss, and the record contains no evidence to support the determination that employee's tinnitus should be rated on the body as a whole. We disagree.

■ Our review in workers' compensation cases is limited to a determination of whether the award of the Commission is supported by competent and substantial evidence after viewing the record as a whole.

*Young v. Handy Andy,* 831 S.W.2d 947, 948 (Mo.App.E.D.1992). We view all evidence and inferences in the light most favorable to the award of the Commission. *Id.* Our Court will reverse the Commission only if it is found the award is against the overwhelming weight of the evidence. *Richardson v. Falcon Products, Inc.,* 739 S.W.2d 596, 597 (Mo.App.E.D.1987). The Workers' Compensation Act must be liberally construed to extend benefits to the largest possible class of workers. *Page v. Green,* 686 S.W.2d 528, 531 (Mo.App.S.D.1985).

Missouri statutes provide no guidance in our assessment as to whether or not tinnitus is a separate, compensable disease from hearing loss. RSMo § 287.067.3 (Cum.1994) identifies "[l]oss of hearing due to industrial noise ... as an occupational disease." RSMo § 287.197 (1986) addresses the testing and rating guidelines for occupational deafness. However, neither of these statutes mentions tinnitus.

In addition, Missouri appellate courts have not addressed tinnitus as an injury. Employer refers us to *Collins v. Reed–Harlin Grocery Co.,* 230 S.W.2d 880, 888 (Mo.App. Spfld.D.1950) where the appellate court agreed with the Commission's finding that the only permanent injury suffered by the employee was loss of hearing in his right ear. Employee did complain of pain and a roaring sensation when the wind struck his ear, which caused headaches and upset stomach. *Id.* at 882. However, no specific diagnosis was presented regarding these symptoms and therefore, no award was given.

■ However, a review of case law from other jurisdictions persuades this Court that tinnitus is a compensable injury, separate and distinct from hearing loss. We note first, Louise J. Gordy & Roscoe N. Gray, *Attorneys Textbook of Medicine* ¶ 84.62, at 84–55 (1994), identifies that tinnitus may "be present without any appreciable deafness." Numerous cases affirm this statement. *See Dotolo v. FMC Corp.,* 375 N.W.2d 25, 27 (Minn.1985) (tinnitus is compensable despite the lack of objective findings and the lack of compensable hearing loss); *Monaghan v. Union Pacific R. Co.,* 242 Neb. 720, 496 N.W.2d 895, 902 (1993) (despite the fact tin-

nitus and hearing loss may occur simultaneously, there is no cause and effect relationship between the two and they are separate conditions); *Norelius v. Continental Can Co.,* 92 Or.App. 214, 757 P.2d 458, 459 (1988) (otolaryngologist testified employee had normal hearing and tinnitus. Appellate court reversed Commission's denial of employee's tinnitus claim and reinstated referee's determination that tinnitus was compensable); *Progress Quarries v. Vaandering,* 80 Or.App. 160, 722 P.2d 19, 20 (1986) ("hearing loss and ... tinnitus are closely related, [but] they are distinct occupational diseases that have distinct causes"); *Hughes v. Pacific Northwest Bell,* 61 Or.App. 566, 658 P.2d 548, 551 (1983) (tinnitus is compensable so long as employee suffered loss of earning capacity as a result of it); *General Castings Corp. v. LIRC,* 152 Wis.2d 631, 449 N.W.2d 619, 620 (App.1989) (Wisconsin statute provided for compensation for tinnitus if there was accompanying compensable hearing loss).

Here, both experts testified employee suffered from hearing loss and tinnitus. Testimony established these are permanent conditions caused by employee's exposure to excessive noise while employed with employer. Employee's doctor provided disability ratings for both the hearing loss and the tinnitus. Employer's doctor rated the hearing loss. When questioned as to the tinnitus, Dr. Goebel indicated his difficulty in rating the disability due to its subjective nature and stated he generally would only provide ratings when the tinnitus was extremely severe.

We hold that tinnitus, although often accompanying hearing loss, is a separate compensable injury. We also find the Commission's decision to award a 12½% permanent partial disability of the body as a whole for the tinnitus was supported by the record. Employee testified the chirping in his ears is constant. He indicated that the quieter it is, the more noticeable the ringing, often making it difficult to concentrate or fall asleep. Employee testified the noise has caused him to wake up at night. Dr. Adler testified the tinnitus affects the whole person rather than just the ear itself. Dr. Adler rated employee with a 25% disability of the whole man. Dr. Goebel testified he would rate employee's

disability to the body as a whole "pretty low." We find the Commission's affirmance of the ALJ's rating of 12 1/2% permanent partial disability of the body as a whole supported by the record.

Accordingly, we affirm the decision of the Commission.

REINHARD, P.J., and CRAHAN, J., concur.