Submitted on record and briefs April 26, affirmed May 30, 1978

EMMONS, *Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. WCB 77-1138, SAIF ZD 188295, CA 9813)
579 P2d 305

David W. Hittle, Rolf Olson, and Dye & Olson, Salem, filed the brief for petitioner.

Lester R. Huntsinger, Associate Counsel, State Accident Insurance Fund, Salem, filed the brief for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

[ 603 ]

JOHNSON, J.

## JOHNSON, J.

The issue in this workers' compensation case is the extent of claimant's permanent disability resulting from an unscheduled back injury. The case presents both factual and legal questions. For the reasons stated in *Bowman v. Oregon Transfer Company,* 33 Or App 241, 576 P2d 27 (1978), we will not detail the facts. We agree with the referee and the Workers' Compensation Board that claimant was not totally disabled and we agree with the award of 50% permanent partial disability made by the Board.

■■ With respect to the legal question, claimant maintains that both the referee and the Board erred in not taking into consideration in determining the extent of his disability the effects of a disabling stroke, unrelated to his back injury, which he suffered after the injury but before the referee's hearing. We disagree. In determining the extent of unscheduled disability, we look to claimant's loss of earning capacity, taking into consideration claimant's intelligence, education, trainability, age and general suitability to the existing job market. *Blackford v. SAIF,* 17 Or App 358, 361, 521 P2d 1092 (1974). Ordinarily, we focus on these factors as they existed at the time of the hearing. However, this case presents the exception to that approach because, unlike a pre-existing disability, *see* ORS 656.206(1)(a), a subsequent non-compensable injury is not relevant in determining the extent of the worker's permanent disability. *See Christensen v. SAIF,* 27 Or App 595, 557 P2d 48 (1976); *Jones v. Steve Wilson Co.,* 10 Or App 7, 498 P2d 387 (1972); *cf.* 2 A. Larson, Workmen's Compensation Law 10-315, § 59.32 (1976). Thus, we determine claimant's loss of earning capacity as of the time immediately prior to his stroke, and we agree with the Board that at that time claimant was not totally disabled.

Affirmed.