Argued and submitted June 26, reversed and remanded
to the Court of Appeals with instructions September 10,
petition for rehearing denied October 14, 1980

In the Matter of the Compensation of

GETTMAN,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(WCB Nos. 78-4221 & 78-4222,
CA 15318, SC 26853)
616 P2d 473

Richard A. Sly, of Bloom, Ruben, Marandas & Sly, Portland, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Associate Counsel of Attorneys, SAIF, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, SAIF, Salem.

Steven C. Yates, Evohl F. Malagon, and Malagon & Yates, Eugene, filed a brief amicus curiae for the Oregon Trial Lawyers Association.

LENT, J.

## LENT, J.

The issue in this workers' compensation case is whether a claimant's potential for retraining justifies denying him an award of compensation for permanent total disability.

The record discloses the following undisputed facts. The claimant is a 59 year old man who worked as a laborer and park attendant for the Portland Parks Bureau for 27 years. On March 16, 1977, claimant suffered a back injury in a fall at work. The claimant could not return to his former job. On April 21, 1978, the Workers' Compensation Department (Department) ordered State Accident Insurance Fund (SAIF) to pay claimant compensation equal to 35% permanent partial disability for the unscheduled back injury.

Claimant did not immediately request a hearing; rather he applied for vocational rehabilitation assistance, but the Department in August, 1978, refused to grant a referral to the Vocational Rehabilitation Division. Such a referral is necessary for a claimant to receive authorized vocational rehabilitation services. *See* ORS 656.728; OAR 436-61-015. The Department instead referred the claimant to a Service Coordinator in the Field Services Division, who assists persons through direct job placement and on-the-job training. The Service Coordinator told the claimant that considering his age, it would be foolish to seek training of any kind.

In November 1978, the claimant requested a hearing before the Workers' Compensation Board's (Board) Hearings Division to consider, among other issues, the refusal to refer him for vocational training and the determination of the extent of his disability. A referee held a hearing on January 16, 1979, and issued an order that claimant was permanently totally disabled.

SAIF requested Board review and on July 24, 1979, the Board reduced the permanent total disability

award to a 60% permanent partial disability award for the unscheduled back injury. The Board's action was at least partly because the Board found claimant to have a "potential for retraining."

The Court of Appeals affirmed without opinion. 44 Or App 295, 607 P2d 231 (1980). This court allowed review ORS 2.520, 289 Or 209 (1980), to consider the issue posed at the outset of this opinion and a seeming departure by the Court of Appeals from the sense of its opinion in *Leedy v. Knox,* 34 Or App 911, 581 P2d 530 (1978).

■    Before turning to direct consideration of the issue posed, however, we should make clear what it is that we are doing. We do not review the evidence to arrive at independent findings of fact. *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979); *Sahnow v. Fireman's Fund Ins. Co.,* 260 Or 564, 491 P2d 997 (1971). The Court of Appeals, on the other hand, not only reviews Board orders for errors of law but, also, exercises a fact finding function. ORS 656.298. We would not have allowed review if we believed that the Court of Appeals had affirmed the Board in this case by exercise of the fact finding function, that is, that the court had evaluated the evidence under the correct rule of law and found claimant not to be permanently totally disabled. The circumstances suggest to us, however, that the Court of Appeals may have affirmed the Board as the result of an erroneous interpretation of the law.

In *Bowman v. Oregon Transfer Company,* 33 Or App 241, 576 P2d 27 (1978) the Court of Appeals explained that it believed that little was to be gained by extended opinions in workers' compensation cases where the record presented only questions of fact. In *Hoag v. Duraflake,* 37 Or App 103, 585 P2d 1149 (1978) the Court of Appeals reaffirmed that it would not publish extended opinions in such cases. Since that time the Court of Appeals has often indicated that it had exercised only its fact finding function in workers'

compensation cases by deciding a given case without opinion but citing *Bowman* or *Hoag,* or both. In the case at bar the Court of Appeals affirmed without opinion and did not cite any authority which would justify us in assuming that the court had merely exercised its fact finding function.

We are aware that lawyers practicing in the field of workers' compensation often resort to the Board's Orders on Review for guidance in representing clients at the administrative level. Those Orders are collected in an unofficial service, Van Natta's Workers' Compensation Reporter, and the Order on Review in the case at bar may be found at 27 Van Natta 524. It could well appear to the bench, bar, public and Board that the Court of Appeals has approved the Board's erroneous concept of the law with respect to the place "potential for retraining" is to occupy in determining whether a worker is permanently totally disabled.[1] For that reason we find allowing review is justified.

The relevant statute in this case is 656.206(1)(a) which defines "permanent total disability" and "suitable occupation":

> "(a) 'Permanent total disability' means the loss, including preexisting disability, of use or function of any scheduled or unscheduled portion of the body which permanently incapacitates the worker from regularly performing work at a gainful and suitable occupation. As used in this section, a suitable occupation is one which the worker has the ability and the training or experience to perform, or an occupation which he is able to perform after rehabilitation."

The claimant argues that the Board reduced his award based on an erroneous interpretation of ORS 656.206(1)(a) regarding a "suitable occupation." The Board's opinion stated in part:

> "Taking into consideration claimant's age, work background, *potential for retraining,* the Board

---

[1] *See,* also, *Rogers v. SAIF,* 289 Or 633, 616 P2d 485 (1980) (decided this date) for further discussion of the effects of Court of Appeals' decisions without opinion or merely with citation.

concludes that he is entitled to an award equal to 60% of the maximum for his unscheduled disability." (emphasis added)

The Court of Appeals in *Leedy v. Knox,* 34 Or App 911, 581 P2d 530 (1978) addressed a related issue. In that case the claimant was found to be eligible for vocational rehabilitation. The Board affirmed the referee's decision to defer permanent disability benefits until claimant had completed or abandoned vocational rehabilitation efforts. The Court of Appeals reversed, holding that the legislative scheme required an award to be made based upon "then existing conditions." 34 Or App at 921. The court noted that an award would be subject to review and adjustment when the claimant completed or abandoned the rehabilitation program.

■■     In this case the claimant was found ineligible for vocational rehabilitation services, yet the Board reduced his award considering his "potential" for retraining. ORS 656.206(1)(a) as quoted above provides that a "suitable occupation" includes one which the claimant "is able to perform after rehabilitation." We conclude that the language of this statute, which speaks in the present tense, precludes cancellation of a permanent total disability award based upon a speculative future change in employment status. In other words, whether this claimant is permanently totally disabled must be decided upon conditions existing at the time of decision, and his award of compensation for permanent total disability can be reduced only upon a specific finding that the claimant presently is able to perform a gainful and suitable occupation.

■     The legislative provision in ORS 656.206(5)[2] for periodic reexamination of each permanent total

---

[2] ORS 656.206(5) provides:

"Each insurer shall reexamine periodically each permanent total disability claim for which the insurer has current payment responsibility to determine whether the worker is currently permanently incapacitated from regularly performing work at a gainful and suitable

disability award further indicates that a permanent total disability award is based upon existing occupational abilities. That award can be adjusted if the claimant is no longer permanently incapacitated from regularly performing work at a gainful and suitable occupation.[3]

As we have had occasion to note in the past, *Inkley v. Forest Fiber Products Co.,* 288 Or 337, 345, 605 P2d 1175, 1179 (1980), the Board's misinterpretation of law may prejudice its findings of fact. Because we cannot ascertain from the Board's order whether it would have reached the same result, in the exercise of its fact finding function, had it applied the correct rule of law, we believe, as we did in *Inkley,* that the matter must be remanded to the Board to consider the evidence in light of this opinion.[4]

Reversed and remanded to the Court of Appeals with instructions to remand to the Workers' Compensation Board.

**LINDE, J.,** concurring.

In this case and in *Rogers v. SAIF,* also decided today, the court begins by dealing with the

---

occupation. Reexamination shall be conducted every two years or at such other more frequent interval as the director may prescribe. Reexamination shall include such medical examinations and reports as the insurer considers necessary or the director may require. The insurer shall forward to the director the results of each reexamination."

[3] We have no occasion in this case to express any opinion as to the effect upon an award of compensation for permanent total disability which might arise from a claimant's unreasonable refusal to undertake or complete an offered course of vocational rehabilitation.

[4] The procedural posture of this case is not that which obtained in *Hutcheson v. Weyerhaeuser,* 288 Or 51, 602 P2d 268 (1979), in which we could ascertain the result which had to follow in light of our reversal of the decision of the Court of Appeals. In *Hutcheson* the findings by the Board established compensability of the claim under the rule of law which this court there expounded.

problem of review when the decision below could rest on one of several grounds and the Court of Appeals has written no opinion. Workers' compensation cases are a common but not the only kind of cases in which this question can be decisive of the case and therefore of whether a petition for review should be allowed or even attempted.

As I understand it, the court reads explanations offered by the Court of Appeals in its published opinions and its statement of internal practices to mean that when that court only cites *Bowman v. Oregon Transfer Company,* 33 Or App 241, 576 P2d 27 (1978), its decision rests solely on its *de novo* review of the facts, and when it only cites a statute or another prior decision, this signals a decision based on an issue of law which this court may then wish to consider for possible review.

While the use of such citations can be deciphered even by the uninitiated, it leaves in doubt the basis of decision in a case such as the present, which was decided without any *citation whatever.* This leaves parties contemplating a possible petition for review and this court to speculate whether the decision hinged on a disputed legal question. Moreover, while the bare presence or absence of a citation may convey to specialists in a given field the implication that we draw from it here, cases are not tried or appealed only by specialists. Others need to be able to know whether a petition for review to this court would be a wasted gesture because the decision rests on a factual determination beyond review here, independent of any disputed legal issue. For these reasons it would be helpful, and perhaps not incompatible with the need to forego opinions in purely factual disputes, to indicate by some brief formula beyond the mere omission of a citation that a legal issue raised by the losing party was not material to the decision. The opening and closing sentences of the brief notation in *Hoag v. Duraflake,* 37 Or App 103, 585 P2d 1149 (1978), cited by the court, shows how short such a formula can be.