Argued and submitted May 8, affirmed July 20, 1981

In the Matter of the Compensation
of Harry Gettman, Claimant.

GETTMAN,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(77-4221, 78-4222;
CA 19923)

631 P2d 358

Richard A. Sly, Portland, argued the cause for petitioner. With him on the brief was Bloom, Marandas & Sly, Portland.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund Corporation, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

PER CURIAM.

**PER CURIAM.**

This Workers' Compensation case is here for the second time. On the first appeal, *Gettman v. SAIF,* 44 Or App 295, 605 P2d 759 (1980), we affirmed without opinion the order of the Board determining claimant's permanent disability to be equal to 60 percent. On review, the Supreme Court remanded the case to the Board because it felt the Board might have misconstrued ORS 656.206(1)(a)[1] by referring in its order to claimant's "potential for retraining" when the record indicated that claimant had been found ineligible for vocational rehabilitation services. For this reason, the court stated it could not ascertain from the Board's order whether it would have reached the same result, in the exercise of its factfinding function, had it applied the correct rule of law. *Gettman v. SAIF,* 289 Or 609, 616 P2d 473 (1980).

On remand, the Board affirmed its prior order without speculating as to claimant's "potential for retraining." We agree that the medical evidence by itself does not support an award of permanent and total disability, and that, even though claimant was precluded from returning to his former employment, he was able to perform other work within his training or experience, albeit with limitations on lifting and bending.

Claimant has the burden of proving permanent total disability, that he is willing to seek regular gainful employment and that he has made reasonable efforts to obtain such employment. ORS 656.206(3). We agree with the Board that claimant failed to sustain his burden.

Affirmed.

---

[1] ORS 656.206(1)(a) provides:

"(1) As used in this section:

"(a) 'Permanent total disability' means the loss, including preexisting disability, of use or function of any scheduled or unscheduled portion of the body which permanently incapacitates the worker from regularly performing work at a gainful and suitable occupation. As used in this section, a suitable occupation is one which the worker has the ability and the training or experience to perform, or an occupation which he is able to perform after rehabilitation."