Argued and submitted November 28, 1983, affirmed March 7, 1984

In the Matter of the Compensation of
Gene R. Taylor, Claimant.

## TAYLOR,
*Petitioner,*

*v.*

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Respondent.*

(81-10917 & 82-04748; CA A27865)

677 P2d 756

Diana L. Craine, Salem, argued the cause for petitioner. On the brief was Rolf Olson, Salem.

Donna Parton Garaventa, Associate Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant appeals an order of the Workers' Compensation Board awarding 25 percent loss of use of his leg as a result of a hip injury and 35 percent unscheduled permanent partial disability for a low back injury. He assigns as error the Board's failure to award permanent total disability and in the alternative seeks an increase in permanent partial disability.

Claimant, a 41 year old truck driver, sustained two separate compensable injuries. The claims were consolidated for a hearing regarding the extent of disability. Claimant concedes that he is not permanently and totally disabled from a medical standpoint but argues that he can be reemployed only after vocational retraining. He cites *Gettman v. SAIF,* 289 Or 609, 616 P2d 473 (1980), and argues that he is entitled to an award of permanent total disability until he has successfully completed a retraining program. In *Gettman,* the Supreme Court held that it was impermissible for the Board to reduce a claimant's award because of his "potential for retraining" when he had not completed a rehabilitation program.

"In this case the claimant was found ineligible for vocational rehabilitation services, yet the Board reduced his award considering his 'potential' for retraining. ORS 656.206(1)(a) * * * provides that a 'suitable occupation' includes one which the claimant 'is able to perform after rehabilitation.' We conclude that the language of this statute, which speaks in the present tense, precludes cancellation of a permanent total disability award based upon a speculative future change in employment status. In other words, whether this claimant is permanently totally disabled must be decided upon conditions existing at the time of decision, and his award of compensation for permanent total disability can be reduced only upon a specific finding that the claimant presently is able to perform a gainful and suitable occupation." 289 Or at 614.

In *Gettman,* the court explicitly left open the question of the effect on a permanent total disability award of a claimant's unreasonable refusal to undertake or complete an offered course of vocational rehabilitation. 289 Or at 609, n 3. Even assuming the principle of *Gettman* otherwise applies, we find under the facts of this case that claimant's need for retraining does not entitle him to permanent total disability. He was referred for vocational evaluation and counseling. The

referee found, and we agree, that he did not work for any length of time with the vocational rehabilitation counselor and has done little to seek employment. The counselor said that the file was closed before a specific rehabilitation plan was devised, because claimant seemed more interested in his workers' compensation litigation than in rehabilitation. Claimant did not object to termination of the rehabilitation program. Failure to complete rehabilitation should be considered one of the "conditions existing at the time of the decision" regarding claimant's permanent disability, and the Board was entitled to consider claimant's "potential for retraining" under these circumstances.

After reviewing the record, we also find the permanent partial disability awards sufficient.

Affirmed.