Argued and submitted September 16, affirmed December 4, 1986, reconsideration denied February 27, petition for review denied March 17, 1987 (303 Or 74)

In the Matter of the Compensation of
Elizabeth V. Fowler, Claimant.

FOWLER,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(WCB 84-01589; CA A37228)

729 P2d 9

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

.

**WARREN, J.**

Claimant seeks review of an order of the Workers' Compensation Board which reduced the referee's award of permanent partial disability on an aggravation claim from 100% to 85% unscheduled disability. She claims that she is permanently and totally disabled as a result of a work related injury. ORS 656.206(1)(a).

Claimant suffered a back injury in 1977, for which she underwent two surgeries and was eventually awarded permanent partial disability benefits totaling 50% by a referee's order of March 7, 1980. In 1982 and 1983 she experienced heart and vascular problems unrelated to her employment and underwent an aortic graft in August, 1982, and a triple bypass in January, 1983. In April, 1983, after a doctor's examination, claimant began to experience back pain and another doctor hospitalized her for conservative treatment of her back. Doctors' reports through May, 1983, stated definitely that her back condition had not worsened and that she was only experiencing an increase in symptoms.

SAIF denied an aggravation claim on June 9, 1983. In August, 1983, however, claimant visited Dr. Luce, who stated that her back condition had deteriorated and that it was time for more drastic treatment. It was his opinion that claimant's inability to work was due primarily to her back problem, not to her vascular or heart conditions, and that she was totally incapacitated. In December, 1983, SAIF reopened the claim, effective June 27, 1983. On February 7, 1984, the claim was closed again, with an award of temporary total disability to December, 1983, and an additional 10% permanent partial disability.

Claimant requested a hearing, and the referee concluded that she "may be permanently and totally disabled"; however, he could not "escape the feeling based on this record that a significant part of her impairment and disability" arose from factors not related to the compensable back injury. In view of that, he awarded her 100% unscheduled permanent partial disability instead of permanent total disability. On review the Board, apparently pursuaded that claimant's disability was due at least in part to psychological conditions related to the vascular problem, stated that claimant "is probably permanently and totally disabled" but found that

"unrelated disabling factors subsequent to her industrial injury prevented her from performing gainful and suitable employment." It reduced the award to 85%.

SAIF's only argument is that claimant has not shown that she was permanently and totally disabled *before* her vascular and heart operations. We agree; the evidence indicates that she first became totally disabled as a result of her noncompensable cardial vascular problems in late 1982 and January, 1983. Luce's report also suggests, however, that by August, 1983, claimant's disability was related more to her back than to her heart and vascular problems:

> "[Claimant's] vascular pathology in the abdomen has been satisfactorily corrected and does not appear to have any particular bearing on her ability to engage in a gainful occupation of a sedentary type. The same may be said for her coronary bypass surgery * * *. [Claimant's] inability to engage in a gainful occupation is primarily due to the condition of her back and its associated pain state."

Other doctors concurred in Luce's opinion. The heart and vascular problems cannot be considered in determining whether claimant is permanently and totally disabled, *see Arndt v. National Appliance Co.,* 74 Or App 20, 24-25, 701 P2d 474 (1985), because they first became symptomatic after the original injury. Luce's opinion indicates that claimant's disability was "primarily due" to the condition of her back, but does not state that other noncompensable physical and psychological conditions played no role. We cannot say that claimant's disability is not due at least in part to those noncompensable conditions.

Affirmed.