Argued and submitted November 14, 1986, affirmed May 6, 1987

In the Matter of the Compensation of
Patricia A. Rees, Claimant.

## WEYERHAEUSER COMPANY,
*Petitioner,*

*v.*

## REES,
*Respondent.*

(WCB 84-09458; CA A38993)

736 P2d 213

Ridgway K. Foley, Portland, argued the cause for petitioner. With him on the brief were Mildred J. Carmack and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

David C. Force, Eugene, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Employer seeks review of a Workers' Compensation Board order awarding claimant permanent total disability benefits. At issue is the extent of her disability. We affirm.

In August, 1982, claimant sustained a compensable back strain while shoveling sawdust. Dr. Schachner immediately treated her, characterized the injury as an aggravation of her underlying degenerative disc disease and recommended that she not return to work at that time. Before the injury, Schachner had been treating claimant for degenerative disc disease, degenerative arthritis in her hips, a diseased rotator cuff in her right shoulder and degenerative arthritis in her right knee. She was also recovering from a compensable bilateral carpal tunnel release procedure.

In September, 1982, Schachner reported that claimant could not perform work requiring continued sitting or standing, bending, lifting, twisting, kneeling, crawling, climbing or button pushing. Dr. Lorenz concurred in Schachner's conclusions. Despite her efforts at rehabilitation, claimant has not worked since the injury.

The referee found that claimant's disability was caused by progressive preexisting disease and that the compensable injury made only a small permanent contribution to that disability. The referee awarded 20 percent unscheduled back disability. The Board reversed, finding that the compensable injury was a material contributing factor to claimant's permanent total disability.

ORS 656.206(1)(a), in part, provides:

" 'Permanent total disability' means the loss, including preexisting disability, of use or function of any scheduled or unscheduled portion of the body which permanently incapacitates the worker from regularly performing work at a gainful and suitable occupation."

Employer concedes that claimant is permanently and totally disabled. It contends, however, that the compensable injury only temporarily aggravated claimant's pre-existing disc disease and that none of her disability is due to the 1982 injury. All of her disability, it argues, is attibutable to the natural course of the pre-existing degenerative disc disease and to other noncompensable conditions arising after the injury.

Employer also argues that, because Schachner could not attribute a distinct increment of claimant's disability to the compensable injury, none of the disability is compensable. We disagree with all of those contentions.

■ In determining whether claimant is permanently and totally disabled, we consider all of her medical impairment, including pre-existing noncompensable disability. *Lohr v. SAIF*, 48 Or App 979, 983, 618 P2d 468 (1980); ORS 656.206(1)(a). The extent of diability is determined from the conditions existing at the time of the hearing. *Gettman v. SAIF*, 289 Or 609, 614, 616 P2d 473 (1980).

■ We turn to whether claimant's disability is causally related to the 1982 injury. The determining factor is whether the injury is a material contributing cause of claimant's disability. *Destael v. Nicolai Co.*, 80 Or App 596, 600, 723 P2d 348 (1986). We find that claimant's disability is attributable to *both* her pre-existing disabling disease and her compensable injury. In February, 1985, Schachner reported:

> "In respect to whether the manual labor performed by [claimant] materially accelerated the progression of her underlying degenerative disease, I cannot categorically state that as a fact as findings to date reveal that her deterioration is of a virulent nature and that the deterioration is taking place at a rate too rapid to relate to manual labor or natural progression.

> "Lastly I do feel that there is restriction referrable to this individual's back in regard to stiffness and limited range of motion related to the degenerative disk disease that pre-existed the August 10, 1982, injury. However, it is not possible for me to separate how much restriction existed prior to August 10, 1982, as a component of further limitation is related to her hip disease which would of itself restrict low back motion."

That report indicates that the compensable injury was a material contibuting cause of claimant's disability. Schachner attributed the extent of her disability to *more* than that which would be caused by the natural progression of her pre-existing disease alone.

■ The inability of Schachner to assign separate increments of disability to pre-existing disability, to the compensable injury and to post-injury worsening of the pre-existing

conditions is not fatal to compensability. In the context of permanent total disability, we consider the extent of claimant's total impairment, including that caused by all disabling conditions, regardless of compensability, that pre-existed the injury and the impairment resulting from the injury itself. In *Arndt v. National Appliance Company,* 74 Or App 20, 701 P2d 474 (1985), we noted that the synergistic effect of an injury's contribution to a worker's pre-existing impairment "makes it pointless to speak in terms of 'incremental impairment.' " 74 Or App at 26. Cause and effect between discrete contributing causes and discrete portions of disability cannot always be traced. Whether some portion of claimant's disability is caused by post-injury natural worsening of her pre-existing condition is immaterial, because we find that the compensable injury materially contributed to claimant's present medical impairment.[1]

Affirmed.

---

[1] Employer correctly argues that noncompensable conditions arising after the injury cannot be considered in determining the extent of disability. *Emmons v. SAIF,* 34 Or App 603, 605, 579 P2d 305 (1978). However, on *de novo* review, we do not find that any new conditions affect claimant's disability.