Argued and submitted January 5, affirmed May 23, reconsideration denied August 22, petition for review denied September 18, 1990 (310 Or 393)

In the Matter of the Compensation of
Walter R. Searles, Claimant.

## SEARLES,
*Petitioner,*

*v.*

## JOHNSTON CEMENT et al,
*Respondents.*

(WCB No. 86-13495; CA A60531)

792 P2d 449

Robert Wollheim, Portland, argued the cause for petitioner. With him on the brief was Welch, Bruun and Green, Portland.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

## NEWMAN, J.

Petitioner, widow of claimant, seeks review of a Workers' Compensation Board order that reversed the referee's award of permanent total disability and awarded 35 percent unscheduled permanent partial disability. ORS 656.218(3). We affirm.

The facts are undisputed. Claimant, age 61 at the time of the hearing by the referee, had worked for employer as a manual laborer since 1974. In 1983, he underwent a partial excision of a cancerous colon and had a permanent colostomy. The cancer was not work related. Thereafter, he returned to work with no apparent difficulty. He had had back trouble for about 30 years. On January 17, 1986, he suffered a compensable back injury. At that time, the cancer had not recurred. Employer accepted the back injury claim. Claimant received treatment for his back but was unable to return to work, because the cancer reappeared in the spring of 1986. In July, 1986, his physicians removed another section of his colon and discovered inoperable cancer near his bladder. Beginning in March, 1987, he received chemotherapy.

In September, 1986, a determination order awarded time loss benefits and 30 percent unscheduled permanent partial disability for the back injury. Claimant requested a hearing, which was held in June, 1987.[1] The referee ruled that, although claimant was not medically permanently and totally disabled, he was permanently and totally disabled under the odd lot doctrine by reason of nonmedical factors such as age and education.

The Board found that claimant's preexisting cancer condition was not disabling at the time of the back injury. After excluding from consideration any disability attributable to cancer, the Board ruled that he was not totally and permanently disabled, because the back injury did not prevent him from working at a gainful and suitable occupation. However, it increased the permanent partial disability award to 35 percent.

Petitioner asserts that the Board erred when it

---

[1] Claimant died some time after he requested a hearing, but the record does not disclose the date of death.

reversed the referee's award of permanent total disability. She argues that, because of claimant's cancer and his back condition, he was medically permanently and totally disabled at the time of the hearing. Petitioner does not argue for the referee's position that claimant was permanently and totally disabled under the odd lot doctrine. Neither does she argue that he was permanently and totally disabled as a result of his back injury alone or that the 35 percent unscheduled permanent partial disability award is an incorrect determination of the permanent partial disability attributable to his back injury.

To determine whether claimant was permanently and totally disabled, the Board must consider any preexisting disability. ORS 656.206(1)(a) provides:

> " 'Permanent total disability' means the loss, including preexisting disability, of use or function of any scheduled or unscheduled portion of the body which permanently incapacitates the worker from regularly performing work at a gainful and suitable occupation. As used in this section, a suitable occupation is one which the worker has the ability and training or experience to perform, or an occupation which the worker is able to perform after rehabilitation."

Petitioner argues that the Board erred because it failed to consider claimant's cancer condition in determining the extent of his disability at the time of the hearing. She relies on *Weyerhaeuser Company v. Rees,* 85 Or App 325, 328, 736 P2d 213 (1987):

> "In determining whether claimant is permanently and totally disabled, we consider all of her medical impairment, including pre-existing noncompensable disability. *Lohr v. SAIF,* 48 Or App 979, 983, 618 P2d 468 (1980); ORS 656.206(1)(a). The extent of disability is determined from the conditions existing at the time of the hearing. *Gettman v. SAIF,* 289 Or 609, 614, 616 P2d 473 (1980)."

There, the claimant's preexisting disease was disabling at the time of the industrial injury. The referee appropriately considered that disease in determining the extent of her disability at the time of the hearing.

■        Although extent of disability is determined at the time of the hearing, a noncompensable disability that occurs *after* an industrial injury, but does not exist at the time of the industrial injury, is not relevant in determining the extent of a

worker's permanent disability. *See Emmons v. SAIF*, 34 Or App 603, 605, 579 P2d 305 (1978). The recurrence of claimant's cancer in the spring of 1986 was a continuation of his preexisting cancer condition, but that condition was not disabling at the time of his back injury.

Affirmed.