Argued and submitted November 2, 1990, affirmed February 20, 1991

In the Matter of the Compensation of
Robert R. Elder, Claimant.

Robert R. ELDER,
*Petitioner,*

*v.*

ROSBORO LUMBER COMPANY
and Liberty Northwest Insurance Corporation,
*Respondents.*

(87-15657; CA A64093)

806 P2d 692

James L. Edmunson, Eugene, argued the cause and filed the brief for petitioner.

David O. Wilson, Employers Defense Counsel, Eugene, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of a decision of the Workers' Compensation Board reversing the referee's decision that he is permanently and totally disabled.

Claimant has a seizure disorder as a result of brain surgery in 1982. Neither the disorder nor the surgery was job-related. In 1984, he suffered a compensable injury to his left knee and shoulder. In March, 1986, the parties stipulated to an award of 50 percent scheduled permanent partial disability for his knee and 5 percent for his shoulder. Employer later reopened the claim to provide vocational services. Training went well until February, 1987, when claimant experienced a seizure that left him significantly impaired on his left side. The training program was terminated because of claimant's inability to perform.

The Board concluded that, in determining the extent of claimant's permanent disability for purposes of workers' compensation, the disabling effects of the seizure that occurred after, and was not related to, the November, 1984, compensable injury should not be considered, because they did not exist at the time of the injury. It held that claimant had failed to prove that he was permanently and totally disabled.

■ ORS 656.206 defines permanent total disability to mean "the loss, including *preexisting disability,* of use or function of any scheduled or unscheduled portion of the body which permanently incapacitates the worker from regularly performing work at a gainful and suitable occupation." A disability is preexisting if it predates the injury. *Searles v. Johnston Cement,* 101 Or App 589, 792 P2d 449, *rev den* 310 Or 393 (1990); *Fowler v. SAIF,* 82 Or App 604, 729 P2d 9 (1986), *rev den* 303 Or 74 (1987); *Arndt v. National Appliance Co.,* 74 Or App 20, 701 P2d 474 (1985); *Emmons v. SAIF,* 34 Or App 603, 579 P2d 305 (1978).

■ Claimant would have us hold that, because he had a condition that was symptomatic but not disabling before the injury, that condition is a preexisting disability; therefore, he contends, a post-injury increase in disability resulting from a worsening of that condition should be considered in determining whether he is permanently and totally disabled. However,

the statute refers to preexisting *disability,* not preexisting condition. The disabling effects, if any, of claimant's seizure condition that preexisted the injury must be taken into account in determining whether he is permanently and totally disabled. However, any disability that developed as a result of the condition after the injury, but not as a result of the employment, may not be considered. *See Searles v. Johnston Cement, supra.*

In *Waremart, Inc. v. White,* 85 Or App 122, 735 P2d 1262 (1987), we held that the worker's noncompensable, preexisting neurological condition, which became symptomatic after the compensable injury, should be considered in determining whether she was permanently and totally disabled. There, however, the preexisting condition prevented the claimant from recovering from the physical effects of her compensable injury. The preexisting condition and the compensable condition were so intertwined that it was impossible to separate the two in determining the extent of disability. 85 Or App at 126 n 3; *see also Aquillon v. CNA Insurance,* 60 Or App 231, 653 P2d 264 (1982), *rev den* 294 Or 460 (1983).

Here, there is no claim that the preexisting condition interfered with claimant's physical recovery. The Board correctly held that the post-injury increase in disability caused by claimant's preexisting condition is not to be considered in determining whether he is permanently and totally disabled. His disability is to be evaluated as of the date immediately preceding the worsening of his noncompensable seizure disorder. *Emmons v. SAIF, supra.*

However, a more difficult question arises because, solely as a result of his compensable injury, claimant had to be retrained in order to obtain gainful employment. In *Gettman v. SAIF,* 289 Or 609, 619 P2d 473 (1980), the Board had reduced the referee's award of permanent total disability because of the claimant's potential for retraining. The Supreme Court reversed, holding that the claimant's disability had to be evaluated as of the date of the hearing, without regard for his potential for retraining. Here, claimant was in the process of being retrained when his post-injury seizure rendered him unable to continue. Before that seizure occurred, claimant's rehabilitation consultant reported that he foresaw no barriers to continued employment after the training program was completed. In evaluating the extent of

claimant's disability, the Board assumed that, but for the intervening noncompensable disability, claimant would have completed the rehabilitation program and would have been employable.

We conclude that the Board was correct. To find claimant permanently and totally disabled because his non-compensable disability prevents his retraining would run head-on into the rule that noncompensable post-injury disabilities may not be considered in determining whether a claimant is permanently and totally disabled. We do not believe that either the Supreme Court in *Gettman* or the legislature intended claimant's proposed result. In *Gettman,* the claimant, who was 59, had been denied vocational assistance because of his age. The court was not faced with the circumstances here, where a post-injury noncompensable disability prevents retraining. Holding an employer responsible for permanent total disability in such a situation would be an unwarranted extension of the holding in *Gettman.* If claimant had been unable to complete his training as a result of a noncompensable automobile accident, surely employer should not bear the cost of the combined total disability. Neither should it here. *See Nyre v. F & R Leasing,* 106 Or App 74, 806 P2d 694 (1991).

Affirmed.