Argued and submitted November 27, 1990, affirmed February 20, 1991

In the Matter of the Compensation of
Marlin H. Nyre, Claimant.

Marlin H. NYRE,
*Petitioner,*

*v.*

F & R LEASING
and EBI Companies,
*Respondents.*

(88-06220; CA A63770)

806 P2d 694

Karen Werner, Eugene, argued the cause for petitioner. On the brief were Michael R. Stebbins and Stebbins & Coffey, North Bend.

Priscilla M. Taylor, Portland, argued the cause for respondents. With her on the brief was Williams, Zografos & Peck, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Claimant seeks review of a decision of the Workers' Compensation Board that reduced his award of 100% permanent partial disability for a low back injury to 65% permanent partial disability.

The findings of the referee, not expressly altered by the Board's decision, are that, as a result of his compensable injury, claimant needs retraining and that he cannot be retrained because of his *non*compensable cervical condition, which came about after the injury. Reasoning that he was required to rate disability as of the date of the hearing, the referee concluded that, because claimant could not work without retraining, he was entitled to 100% permanent partial disability. Claimant did not seek permanent total disability. In reducing the award to 65%, the Board said that it had "not considered any impairment claimant has sustained as a result of his noncompensable cervical condition."

Claimant asserts that the Board mistakenly assumed that the referee had considered the noncompensable cervical condition in evaluating disability. He asserts that the referee's opinion simply reflects the fact that he is currently unemployable without retraining as a result of his compensable low back injury. *Gettman v. SAIF,* 289 Or 609, 614, 616 P2d 473 (1980).

■■ A claimant is entitled to benefits only for disability caused by the injury. Subsequent, noncompensable conditions are not considered. *Emmons v. SAIF,* 34 Or App 603, 579 P2d 305 (1978). We stated in *Emmons* that, when a subsequent noncompensable injury intervenes, the claimant's loss of earning capacity is to be determined as of the date immediately preceding the noncompensable injury. 34 Or App at 605. Here, that means disregarding claimant's cervical condition *and its effect on his ability to be retrained* and evaluating his disability as of the date immediately preceding the date when his noncompensable cervical condition became disabling. *See Elder v. Rosboro Lumber,* 106 Or App 16, 806 P2d 692 (1991); *Emmons v. SAIF, supra.*

Affirmed.